# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

---

\* WILLIAM W. RAMSEY, as Overseer of the Poor of the TOWN OF LUZERNE, Respondent, v. DAVID CHILDS, Appellant.

*Undertaking on an appeal in bastardy proceedings — form of it — Code of Criminal Procedure, sec. 851 — the Court of Sessions cannot allow it to be amended, when defective.*

Appeal from an order made at a Court of Sessions of Warren county, dismissing an appeal on account of defects contained in the undertaking given by the appellant, and denying a motion for leave to amend the same. The defendant appealed from an order of filiation, made by two magistrates of the town of Luzerne, adjudging him to be the father of a child likely to be born. The undertaking, which was approved by the justices, was conditioned that " the said David Childs shall appear at the next Court of Sessions, to be held in and for the county of Warren, on the 26th day of May, 1884, and not depart the said county without its leave."

A motion was made by the respondent, at the Court of Sessions of Warren county, to dismiss the appeal upon the ground that the undertaking was defective, in that it did not comply with the provisions of section 851 of the Code of Criminal Procedure. The motion was granted. The order contained the following sentence : " The defendant offers to amend said undertaking, or execute a new one in conformity with the statute, which is denied by the court upon the ground that they have no power or jurisdiction to grant the same."

The court at General Term said : " The undertaking to be given under subdivision 2, section 851, Code of Criminal Procedure, is to be conditioned to appear at the next court, etc., ' to answer the charge and obey its order thereon.' The sureties are to be approved by

---

the magistrates. In this case the condition was to appear 'and not depart the *county* without its leave.' 'County' is probably a clerical error for 'court.' But the condition is quite different from that required by the section, in its meaning and effect. The sureties would not be bound for the defendant's obedience to the order of the court, but only for his attendance there.

"The only question then is as to the power of the Court of Sessions to permit an amendment or a new undertaking. We are referred to no provision of the statute which is applicable. The defendant cites sections 729, 730, Code Civil Procedure. But it is at least doubtful whether they apply to the present case. And as the undertaking now in question is to be approved by the magistrates, we see no authority for the accepting a new undertaking by the Court of Sessions.

"Another objection may be stated. The offer to amend the undertaking was made by the defendant. No offer was made by the surety to consent to such amendment. Clearly the undertaking would not be amended except by the consent of the surety." (Code Civ. Pro., § 730.)

Order affirmed, with ten dollars costs and printing disbursements.

*J. H. Bain,* for the appellant.

*H. P. Gwinup,* for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Order affirmed, with ten dollars costs and printing disbursements.